FILED

14 JUN 16 AM 8:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DS      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br>SUPERVALU, INC., a Minnesota corporation and DOES 1 through 20,<br><br>Defendant. | CASE NO. 13-cv-626-WQH-JMA<br><br>Order |

HAYES, Judge:

The matters before the Court are the Motion to Stay (ECF No. 32), and the Motion to Dismiss the Complaint (ECF No. 27) ("Motion to Dismiss"), both filed by Defendant Supervalu, Inc.

## I. Background

On March 15, 2013, Plaintiff initiated this action by filing a Class Action Complaint for: (1) Violation of the California Unfair Competition Law; (2) Violation of the California Consumer Legal Remedies Act; and (3) Breach of Express Warranty ("Complaint"). (ECF No. 1). The Complaint challenges the efficacy of dietary supplements containing glucosamine and chondroitin sold by Defendant Supervalu, Inc. at its Albertson's grocery stores. Plaintiff alleges that he purchased a bottle of the glucosamine/chondroitin supplement at one of Defendant's stores in San Diego for $15, and the supplement did not provide Plaintiff with the joint health benefits advertised on the bottle. *Id.* ¶ 13. Plaintiff brings this action on behalf of a putative

1  nationwide class, and alleges diversity subject-matter jurisdiction pursuant to the Class
2  Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

3        On March 10, 2014, Defendant filed the Motion to Dismiss. (ECF No. 27). On
4  March 31, 2014, Plaintiff filed an opposition to the Motion to Dismiss (ECF No. 28).

5        On April 17, 2014, Defendant filed the Motion to Stay. (ECF No. 32).
6  Defendant asserts that this is one of nine pending lawsuits challenging the efficacy of
7  the same glucosamine/chondroitin dietary supplements manufactured by the same
8  company. Defendant asserts that, on March 24, 2014, a settlement agreement was
9  reached in three of the nine actions, *Guilin v. Walgreen Co.*, No. 11cv7763 (N.D. Ill.,
10 filed Nov. 1, 2011); *Eckler v. Wal-Mart Stores, Inc.*, No. 12cv727 (S.D. Cal., filed Mar.
11 26, 2012); and *Quinn v. Walgreen Co.*, No. 12cv8187 (S.D.N.Y., filed Nov. 9, 2012)
12 (collectively, "*Quinn*"). Defendant asserts that "[t]he settlement will involve
13 certification of a national settlement class and will resolve all the [nine pending]
14 Actions, including this one." (ECF No. 32-1 at 9). Defendant requests that this Court
15 enter an order staying this action "during the pendency of the settlement approval
16 process in *Quinn*." *Id.* at 15. Defendant contends that a stay would promote judicial
17 efficiency because "approval of the settlement in *Quinn* will resolve the claims pending
18 in this Court." *Id.* at 13. Defendant contends that it will be prejudiced in the absence
19 of a stay because it would "be forced to expend significant resources in discovery, a
20 wasteful enterprise in the event that the settlement in *Quinn* is approved," and could
21 "become subject to competing court orders." *Id.* at 12 (quotation omitted). Defendant
22 contends that Plaintiff will not be prejudiced because this action is still in the pleading
23 stages, and "the stay would be for a finite period of time" due to the expedited briefing
24 schedule set for the settlement approval in *Quinn*. *Id.* at 11.

25       On May 5, 2014, Plaintiff filed an opposition to the Motion to Stay. (ECF No.
26 33). Plaintiff contends that he would be prejudiced by a stay because he is not a party
27 to *Quinn*, and because "there is likely nothing in the proposed settlement [in *Quinn*]
28 that would preclude Plaintiff Nunez from opting out and continuing to pursue his own

1  action, thereby making a stay inefficient and ill-advised." *Id.* at 4. Plaintiff contends
2  that "continuing to litigate this case will not place undue hardship on either party, nor
3  will it burden the management of the Court's workload." *Id.* at 9.
4        On May 12, 2014, Defendant filed a reply in support of the Motion to Stay.
5  (ECF No. 36).
6  **II. Discussion**
7        "[T]he power to stay proceedings is incidental to the power inherent in every
8  court to control the disposition of the causes on its docket with economy of time and
9  effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254
10 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the
11 fairest course for the parties to enter a stay of an action before it, pending resolution of
12 independent proceedings which bear upon the case." *Leyva v. Certified Grocers of*
13 *Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "Where it is proposed that a pending
14 proceeding be stayed, the competing interests which will be affected by the granting
15 or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098,
16 1110 (9th Cir. 2005) (quotation omitted). "Among those competing interests are the
17 possible damage which may result from the granting of a stay, the hardship or inequity
18 which a party may suffer in being required to go forward, and the orderly course of
19 justice measured in terms of the simplifying or complicating of issues, proof, and
20 questions of law which could be expected to result from a stay." *Id.* (quotation
21 omitted).
22       Plaintiff does not dispute that the issues and the putative classes are effectively
23 the same in this case and in *Quinn*. It appears undisputed that if the *Quinn* settlement
24 is approved, Plaintiff's own putative class action will be moot. Although Plaintiff will
25 have the ability to opt out of the *Quinn* class and pursue his individual claims, there is
26 no indication in the Complaint or any other filings that this Court will have subject-
27 matter jurisdiction over Plaintiff's individual claims. Plaintiff fails to point to any
28 reason why it might be unlikely that the *Quinn* settlement will ultimately be approved.


1 | However, if Plaintiff has a basis for challenging the fairness of the settlement, as a
2 | member of *Quinn*'s putative class, Plaintiff will have the opportunity to object to the
3 | settlement in the appropriate court. The Court has considered the arguments of the
4 | parties and the competing interests outlined by *Lockyer*, 398 F.3d at 1110. The Court
5 | finds that staying this action pending resolution of the settlement approval process in
6 | *Quinn* is, on balance, in the best interests of the parties and "the orderly course of
7 | justice." *Id.*

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Stay is GRANTED. (ECF No. 32). This action is STAYED pending further order of the Court. No later than ninety (90) days from the date this Order is filed, the parties shall file a joint status report regarding the settlement approval process in *Quinn*. The Motion to Dismiss the Complaint is DENIED without prejudice. (ECF No. 27).

Dated: 6/13/14

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE